**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BUNK JACKSON JOHNSON,** ) | |
| **ID # 13013446,** ) | |
|     **Plaintiff,** ) | |
| **vs.** ) | No. 3:13-CV-2173-B-BH |
| ) | |
| **LUPE VALDEZ, et al.,** ) | |
|     **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Bunk Jackson Johnson (Plaintiff), a pretrial detainee at the Dallas County Jail, sues Dallas County Sheriff Lupe Valdez (Sheriff) and City of Dallas Police Chief David O. Brown (Chief) in their individual capacities under 42 U.S.C. § 1983. He asserts that the Sheriff denied him incoming and outgoing legal mail and correspondence on May 9, 2013, and that this constituted an abuse of process, malicious prosecution, libel, slander, misrepresentation, deceit, interference with a postal matter and contract rights, and a miscarriage or negligent transmission of a letter or postal matter. (Amended Compl. at 3; Magistrate Judge's Questionnaire (MJQ) Ans. 1, 2). He sues the Chief based on his arrest and the seizure of evidence on February 26, 2013. He asserts claims of false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, and deceit.[1] He also sues the Chief based on an open records request seeking the police report from

---

[1] Plaintiff was arrested on February 26, 2013, and subsequently charged with possession of a controlled substance with intent to deliver. His case remains pending in the state trial court. (*See* www.dallascounty.org, search Cause No. F13-52963).

his arrest. (Am. Compl. at 3; MJQ Ans. 3). He seeks monetary compensation and, it appears, the expungement of a criminal record. (MJQ, Ans 7). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. Expungement Claim

Plaintiff appears to seek to have the criminal charge against him expunged from his record. Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right. *Rodgers v. State of Texas*, 2004 WL 764946, slip op. at *2 (N.D. Tex. April 7, 2004) *citing Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989), *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980). Even if available in a § 1983 action, however, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance". *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record.[2]

### B. Claims against Supervisors

---

[2] Furthermore, under Texas state law, a person is entitled to have both felony and misdemeanor records expunged if: 1) he is tried and acquitted; 2) he was convicted and subsequently pardoned or granted relief based on actual innocence; or 3) he has been released from confinement and the charge did not result in a final conviction, provided certain specific conditions are met. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2011). Plaintiff's pending criminal charge has not yet gone to trial, so any expungement of the record at this time would be premature.

Plaintiff sues the Sheriff in her individual capacity based on a failure to deliver legal mail, and he sues the Chief in his individual capacity based on his arrest and the seizure of evidence, as well as an open records request. He does not allege that the Sheriff was personally involved in the alleged withholding of his legal mail, and he does not allege that the Chief was personally involved in the arrest and seizure or the open records request.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984). Because Plaintiff has not alleged that either the Sheriff or the Chief were personally involved in any alleged violation of his civil rights. It is instead apparent from his pleadings that he sues them based solely on their supervisory roles. His claims against them should therefore be dismissed.[3]

### IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. 28 U.S.C.

---

[3] Even if the Chief was personally involved in the arrest and seizure, Plaintiff's claims of false arrest and imprisonment, malicious prosecution, and illegal search and seizure would be subject to a stay pending the resolution of his pending criminal charge because they would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), if he were convicted. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007); *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996).

4

§§ 1915(e)(2)(B) and 1915A(b) as frivolous. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 31st day of July, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.